[Cite as *State v. Lockhart*, 2025-Ohio-5440.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CAA 07 0061 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 06 CRI 01 0011 |
| JOHN LOCKHART, JR., | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: December 5, 2025 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Kevin W. Popham, Judges

**APPEARANCES:** MELISSA A. SCHIFFEL, Prosecuting Attorney, KATHERYN L. MUNGER, Assistant Prosecuting Attorney, for Plaintiff-Appellee; JOHN LOCKART, JR., Pro Se, for Defendant-Appellant.

*Baldwin, P.J.*

**{¶1}** The appellant, John Lockhart, Jr., appeals the judgment entry of the Delaware County Court of Common Pleas denying his Motion for an Order to Compel the Clerk to Comply with ODRC Policy. The appellee is the State of Ohio.

### STATEMENT OF FACTS AND THE CASE

**{¶2}** In 2006, the appellant was found guilty and sentenced to one count of Rape in violation of R.C. 2907.02(A)(1)(b) and three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4).

**{¶3}** In 2008, this Court affirmed the trial court's judgment.

**{¶4}** On April 21, 2025, the appellant filed a motion for a new trial. The motion was appealed and is pending in a separate case.

**{¶5}** On July 2, 2025, under this case number, the appellant filed a motion asking the trial court to compel the clerk to send all documents to him by "legal mail" requiring his signature. The trial court denied this motion.

**{¶6}** The appellant filed a timely notice of appeal and is asking this court to find the trial court abused its discretion in denying his motion to compel the clerk to send all documents by "legal mail."

## I.

**{¶7}** The appellant argues the trial court abused its discretion in failing to grant his motion to compel the clerk to send all his documents via "legal mail." We disagree.

## STANDARD OF REVIEW

**{¶8}** To find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

## ANALYSIS

**{¶9}** As noted above, the appellant argues the trial court erred in denying his motion to compel the clerk to send all his documents via "legal mail." The appellant does not argue the clerk failed to serve documents in accordance with the law, just that he has not received them.

**{¶10}** The trial court correctly observed that ODRC's internal policy and procedures for Incarcerated Population Legal Mail is not mandatory, but rather discretionary for use when sending confidential legal mail. *ODRC Policy 75-MAL-03*

*(Incarcerated Population Legal Mail).* The trial court further notes that nothing sent by the clerk is confidential in nature. The appellant has not identified any mail he received or should have received via mail which was of a confidential nature appropriate for the ODRC's legal mail process.

{¶11}  Accordingly, the appellant has not shown the trial court acted unreasonably, arbitrarily, or unconscionably. The appellant's assignment of error is overruled.

## CONCLUSION

{¶12}  Based upon the foregoing, the judgment of the Delaware County Court of Common Pleas is hereby affirmed.

{¶13}  Costs to the appellant.

By: Baldwin, P.J.

King, J. and

Popham, J. concur.